34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Dirrie CONERLY, also known as Darrell Conerly, Appellant,
v.
CVN COMPANIES, INC.; CVN TV Company, doing business as
Cable Value Network, Appellees.
 No. 92-1654.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 30, 1994.
Filed: September 6, 1994.
 
 Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Dirrie Conerly appeals the district court's[1] grant of summary judgment to defendants in his employment discrimination action, and we affirm. Because a central issue on appeal is whether the Civil Rights Act of 1991 applies retroactively to Conerly's claims, brought in 1989, we held this case in abeyance pending the Supreme Court's decisions in Landgraf v. USI Film Products, 114 S. Ct. 1483 (1994), and Rivers v. Roadway Express, Inc., 114 S. Ct. 1510 (1994).
 
 
 2
 Defendant CVN TV Company (CVN) hired Conerly, a black male, as a telemarketing representative in December 1986 and fired him in April 1987. While a CVN employee, Conerly applied for several positions to which he was not promoted. In March 1989, Conerly filed this suit against CVN, asserting claims of failure to promote, discriminatory discharge, and racial harassment under 42 U.S.C. Sec. 1981. Conerly also claimed that CVN's actions during and after his termination constituted defamation.
 
 
 3
 While Conerly's claims were pending, the Supreme Court decided Patterson v. McLean Credit Union, 491 U.S. 164 (1989). The district court, applying Patterson retroactively, concluded 42 U.S.C. Sec. 1981 did not provide Conerly with a cause of action for harassment and wrongful discharge, and dismissed those claims. While Conerly's other claims were still pending, Congress enacted the Civil Rights Act of 1991, which at section 101 defines the 42 U.S.C. Sec. 1981 prohibition against racial discrimination to include all phases of a contractual relationship, including discriminatory contract terminations. The district court concluded, however, that the Civil Rights Act of 1991 did not apply retroactively to Conerly's claims and refused to reinstate Conerly's dismissed claims. The court also granted defendants summary judgment on Conerly's promotion claim, concluding the claim was not actionable under Patterson because the promotions Conerly sought would not have created a new and distinct relation between Conerly and CVN. The court retained supplemental jurisdiction over Conerly's defamation claim and granted summary judgment to defendants on the merits.
 
 
 4
 Under Rivers, section 101 of the Civil Rights Act of 1991 does not apply retroactively to Conerly's claim. Rivers, 114 S. Ct. at 1513, 1519-20. Thus, the district court correctly dismissed Conerly's harassment and wrongful discharge claims. Further, Patterson does apply retroactively to Conerly's claims. See id. Conerly argues, nonetheless, that the Patterson "new and distinct relationship" test does not apply because he challenges discrimination in the enforcement, rather than the making, of a contract. We reject this argument because Conerly does not assert CVN obstructed his access to legal process. See Patterson, 491 U.S. at 177-78 (section 1981 prohibition against discrimination in contract enforcement extends to employer conduct only in obstructing employee's access to legal process to enforce contract).
 
 
 5
 Having carefully reviewed Conerly's defamation claim, we conclude the district court's decision is clearly correct, and we affirm for the reasons the district court stated. See 8th Cir. R. 47B.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota